FILED 64
Honorable James N. Foley Prosecuting Attorney Macon County 604 North Rollins Macon, Missouri 63552
Dear Mr. Foley:
This letter is in response to your opinion request asking as follows:
 "Can a Presiding Judge of the County Court of a Third Class County file for, and if elected, hold the position of Mayor of a Fourth Class City within the same County?"
We understand your question to ask whether both offices can be held simultaneously.
You have asked that this opinion be expedited in view of the forthcoming city elections; and, therefore, we expedite this opinion consistent with your request.
We note two sections which prohibit county officers from occupying certain other offices. These sections are Section 49.140, RSMo, and Section 558.270, RSMo. Neither section prohibits the presiding judge of the county court from occupying the office of mayor of a fourth class city within the same county. However, it is not necessary that there be an express statutory prohibition since the Missouri courts recognize the common law doctrine prohibiting a public officer from holding two incompatible offices at the same time.
We considered in detail the doctrine of incompatibility of offices in our Opinion No. 2 dated March 2, 1961, to Anderson (copy enclosed). As you will note, in that opinion we quoted the authorities on the subject of incompatibility concluding generally that offices are incompatible and inconsistent when, because of the multiplicity of business in which the offices are concerned, they cannot be executed with the care and ability required or where the duties and functions are inherently inconsistent and repugnant so that one person could not discharge the duties of both offices faithfully, impartially, and efficiently. The authorities also noted that it was not an essential element of incompatibility that the clash of duty must exist in all or in the greater part of the official functions, the principal question being whether or not the holding of the two offices is contrary to the public interest.
In our view, the statutes are replete with instances where obvious conflicts would arise if the same person held the office of presiding judge of the county court and the office of mayor of a fourth class city within the same county.
We note that Sections 70.210, et seq., RSMo, permit cooperative agreements between counties and cities. Section 71.300, RSMo, authorizes cooperation in the maintenance of jails between counties and cities. Section 71.340, RSMo, authorizes cities to make certain appropriations for roads leading to and from such cities.
the sections that we have mentioned are only a few of the many statutes which exist which are indicative of conflicting areas of authority of the two offices.
We conclude that there is in fact an incompatibility and repugnancy between the office of presiding judge of the county court and of mayor of a city of the fourth class and that, as a result of such incompatibility and conflict, the same person may not hold the office of presiding judge of the county court or judge of the county court and the office of mayor of a fourth class city within the same county.
Yours very truly,
 JOHN C. DANFORTH Attorney General
Enclosure: Op. No. 2 3-2-61, Anderson